IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES AUSTIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : C.A. No. 08-204 - SLR |
| STANLEY W. TAYLOR, JR., CARL C. | : |
| DANBERG, RAPHAEL WILLIAMS, | : JURY TRIAL REQUESTED |
| PHILIP MORGAN, JOYCE TALLEY, | : |
| CORRECTION MEDICAL SERVICES, INC., | : |
| and its JOHN DOE EMPLOYEES, | : |
| | : |
| Defendants. | : |

## STATE DEFENDANTS' ANSWER AND CROSS CLAIM

Defendants Stanley W. Taylor, Jr., Carl C. Danberg, Raphael Williams, Philip Morgan, and Joyce Talley ("State Defendants") answer the complaint as follows:

1. This is a legal contention for which no response is required.

2. This is a legal contention for which no response is required.

3. This is a legal contention for which no response is required.

4. This is a legal contention for which no response is required.

5. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

6. Admitted.

7. Admitted that Stanley Taylor was the Commissioner of the DOC during 2006 and had an administrative office located in Dover, Delaware. It is admitted that Taylor retired on February 1, 2007 and that Carl Danberg was appointed as

Commissioner of the DOC thereafter. The balance of the paragraph is legal contentions for which no response is required.

8. Admitted that Joyce Talley was the Chief of the Bureau of Management Services at 245 McKee Road, Dover, Delaware. The balance of the paragraph is legal contentions for which no response is required.

9. Admitted that Raphael Williams was the Warden of the Howard R. Young Correctional Institute in 2006 and that Philip Morgan is now the Warden of that facility. The balance of the paragraph is legal contentions for which no response is required.

10. Not directed to State Defendants.

11. This is a legal contention for which no response is required.

12. This is an incorporation paragraph for which no response is required.

13. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

14. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

15. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

16. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

17. State Defendants are without sufficient information to form a belief as to the truth of this paragraph.

18-24. These are legal contentions for which no response is required, and are objected to as not relevant to the claims of plaintiff.

25. This is an incorporation paragraph for which no response is required.

26. Denied.

27-31. Not directed to State Defendants.

## DEFENSES

32. State Defendants are immune from liability to plaintiff under the doctrine of sovereign immunity.

33. State Defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

34. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights are entitled to qualified immunity and cannot be held liable in this action.

35. State Defendants are immune from liability to the plaintiff under the Delaware State Tort Claims Act.  10 *Del. C.* §4001 *et. seq*.

36. Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

37. To the extent plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* is not a basis for liability in an action under 42 U.S.C. §1983.

38. To the extent plaintiff's claims sound in negligence, plaintiff cannot state a cause of action under 42 U.S.C. §1983.

39. Plaintiff fails to state a claim against State Defendants for failure to train and maintenance of wrongful customs, practices and policies.

40.	Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment as a result of denial of medical care.

41.	The complaint should be dismissed, in whole or in part, as plaintiff has failed to properly exhaust their administrative remedies.

42.	The complaint should be dismissed as service of process was improper or insufficient.

43.	The complaint should be dismissed because the Court lacks personal jurisdiction over State Defendants.

44.	The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

45.	Plaintiff contributed to any alleged injury that resulted from the alleged incident in a manner which precludes recovery.

46.	The complaint, in whole or in part, fails to state claim for which relief could be granted.

## STATE DEFENDANTS' CROSS CLAIM AGAINST CORRECTIONAL MEDICAL SERVICES, INC. FOR CONTRACTUAL DEFENSE AND INDEMNIFICATION

### JURISDICTION

1.	The District Court has jurisdiction over the State Defendants' cross claim against Correctional Medical Services, Inc., pursuant to 28 U.S.C. §1367, as well as Federal Rules of Civil Procedure 13(g) and 18.

### COUNT I

### CONTRACTUAL INDEMINIFICATION

2. The State of Delaware Department of Correction and Defendant, Correctional Medical Services, Inc., were parties to a contract dated May 31, 2005 for the provision of medical services to the Delaware Department of Correction's inmate population, applicable and effective from July 1, 2005 to the present, and at all relevant times to this action.

3. The contract specifically created in co-defendant, Correctional Medical Services, Inc., a clear and unequivocal duty to

> hold harmless, indemnify and defend the DOC [Department of Correction], the State of Delaware and their agents, employees or officers . . . from any and all suits, actions, losses, liability, damages (including punitive damages), expenses, reasonable attorney fees (including salaries of attorneys regularly employed by the State of Delaware), judgments or settlements . . . arising out of the provision of health care services by [Correctional Medical Services, Inc.], its employees, or subcontractors under the contract, including direct or indirect negligence or intentional acts of omission or commission, and professional malpractice regardless of any intentional acts o[r] omissions or commission by employees or officials of the DOC.

(6/17/02 Contract, ¶8, incorporated in 5/31/05 Contract, ¶1. Hereinafter referred to as the "hold harmless provision").

4. All conditions precedent to recovery under the contract, if any, have been satisfied or waived.

5. According to the contract and the language of the hold harmless provision, the State Defendants are third-party beneficiaries of the contract.

6. State Defendants have been required to be represented by the undersigned counsel rather than an attorney provided by co-defendant Correctional Medical Services, Inc.

7. The State of Delaware Department of Correction has been required to expend public funds necessary to the litigation of this matter.

8. Injuries, if any, to plaintiff were proximately caused by the actions, omissions and/or professional malpractice of defendant, Correctional Medical Services, Inc.

9. The State Defendants deny any liability arising out of any allegation by any party in this litigation. Defendant, Correctional Medical Services, Inc., is liable for defense and indemnification of the State and State Defendants under the hold harmless provision even if the State and/or any State Defendant is found to have engaged in negligent, intentional or other conduct resulting in injury and liability to plaintiff.

## COUNT II

### COMMON LAW INDEMNIFICATION

10. The State Defendants incorporate by reference paragraphs 1 – 9 of the Cross Claim as if more fully set forth herein.

11. The State Defendants deny any liability arising out of any allegation by any party in this litigation. To the extent plaintiff is successful in recovering any award against any State Defendant, the State Defendants are entitled to be held harmless, defended, and indemnified pursuant to the express language of the hold harmless provision of the contract.

12. Should the Court rule that any portion of the contract or the hold harmless provision is inapplicable or void, the State Defendants are entitled to common law indemnification in the alternative. In the event that any State Defendant is found liable to the plaintiff, then the State Defendants cross claim against co-defendant Correctional Medical Services, Inc., whose negligence was the primary and proximate cause of any and all damage sustained by the plaintiff, and for which the State Defendants, if liable at

all, are only secondarily liable.  The State Defendants are therefore entitled to common law indemnification in the event that their claim for contractual indemnification is rejected by the Court.

13. With respect to any state law claim for negligence or any recovery there under, the State Defendants' cross-claim against co-defendant Correctional Medical Services, Inc. to have the relative degrees of fault apportioned pursuant to the Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* § 6301, *et seq.*

**WHEREFORE**, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiff as to all claims, and that costs and attorney fees be awarded to State Defendants.  State Defendants further demand that judgment be entered in their favor as to the instant cross claim and that costs and attorney fees incurred in relation thereto be awarded to State Defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Stacey X. Stewart*
Stacey X. Stewart, ID#4667
Catherine Damavandi, ID#3823
Jennifer Oliva, ID#5026
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
(302) 577-8400
Attorneys for State Defendants

June 23, 2008