## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHARLES AUSTIN,** | **:** |
| | **:** |
| **Plaintiffs** | **:** |
| | **:** |
| **v.** | **: Civil Action No.  08-cv-204 SLR** |
| | **:** |
| **STANLEY W. TAYLOR, JR., et al.,** | **: JURY TRIAL DEMANDED** |
| | **:** |
| **Defendants.** | **:** |
| | **:** |
| | **:** |


## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
## CORRECTIONAL MEDICAL SERVICES, INC.'S
## MOTION TO DISMISS


RONALD STONER (I.D. No. 2818)
1107 Polly Drummond Plaza
Newark, DE 19711
(302) 369-6400
Attorney for Plaintiff


Dated: July 3, 2008

**TABLE OF CONTENTS**

                                                                  **PAGE**

**TABLE OF AUTHORITIES**                                                  **i**

**NATURE AND STAGE OF PROCEEDINGS**                    **1**

**SUMMARY OF ARGUMENT**                                   **2**

**STATEMENT OF FACTS**                                       **3**

**STANDARD OF REVIEW**                                     **4**

**ARGUMENT**

    **I. THE SCOPE OF THE IMMUNITY THAT EXISTS UNDER THE
ELEVENTH AMENDMENT ONLY EXTENDS TO BAR LAWSUITS
BROUGHT AGAINST PUBLIC OFFICIALS AND OTHER "STATE
ACTORS" IN THEIR "OFFICIAL" CAPACITIES.  THE ELEVENTH
AMENDMENT DOES NOT BAR LAWSUITS AGAINST SUCH
PERSONS WHEN THEY ARE SUED IN THEIR  "INDIVIDUAL"
CAPACITIES.**                              **5**

**CONCLUSION**                                            **12**

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

*Carter v. Taylor*, 2008 U.S. Dist. LEXIS 25158 (D.Del. 2008)                  8

*Clark v. Williams*, 2008 U.S. Dist. LEXIS 32179 (D.Del. 2008)                 11

*Conley v. Gibson*, 355 U.S. 41 (1957)                                         4

*Davis v. First Corr. Med.*, 530 F. Supp. 2d 657 (D. Del. 2008)                8

*Eaton v. Correctional  Medical Systems, Inc.*, 2007 U.S. Dist. LEXIS 68878
(D.Del. 2007)                                                                  8

*Estelle v. Gamble*, 429 U.S. 97 (1976)                                        5

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005)                               7

*Farmer v. Brennan*, 511 U.S. 825 (1994)                                       5

*Foman v. Davis*, 371 U.S. 178 (1962)                                          11

*Francisco v. Correctional  Medical Systems, Inc.*, 2008 U.S. Dist. LEXIS 34626
(D.Del. 2008)                                                                  8

*Hafer v. Melo*, 502 U.S. 21 (1991)                                            7

*Hinson v. Edmond*, 192 F.3d 1342 (11th Cir. 1999)                           7

*Hishon v. King & Spalding*, 467 U.S. 69 (1984)                                4, 10

*Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp.2d 459 (E.D. Tex. 2003)     7

*Kentucky v. Graham*, 473 U.S. 159 (1985)                                      6

*Langford v. Atlantic City*, 235 F.3d 845 (3d Cir. 2000)                       4

*Monell v. Department of Social Services*, 436 U.S. 658 (1978)                 7, 8

*Natale v. Camden County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003)   8

*Newsom v. Howard*, 2008 U.S. Dist. LEXIS 10365 (D.Del. 2008)                  8

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)   6

*Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*,
297 F.3d 310 (3d Cir. 2002)   6

*Richardson v. McKnight*, 521 U.S. 399 (1997)   7

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)   7

*Syvy v. Landmark Engineering, Inc.*, 2005 Del. Super. LEXIS 99
(Del. Super. 2005)   10

*Taylor v. Plousis*, 101 F.Supp.2d 255 (D. N.J. 2000)   8

*Turner v. Correctional Medical Services*, 494 F. Supp. 2d 281 (D. Del. 2007)   9

*West v. Atkins*, 487 U.S. 42 (1988)   5

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)   6

**Statutes and Court Rules**

42 *U.S.C.* §1983   5

10 *Del.C.* §4001   10

10 *Del.C.* §4010   10

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff is a current inmate who is incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware.  The defendants are the current and former Commissioners of the Delaware Department of Corrections ("DOC"); the current and former Warden of HRYCI; the current Chief of the Bureau of Management Services of DOC; Correctional Medical Services, Inc. ("CMS"); and unnamed "John Doe" employees of CMS.

Plaintiffs' claims against the defendants arise under 42 U.S.C. §1983 and the Eighth Amendment to the United States Constitution based on the defendants' alleged failure to provide constitutionally adequate medical care to the plaintiffs.  The Complaint also alleges medical malpractice under Delaware law. (D.I. 1).

Defendant CMS has filed a Motion to Dismiss under *Fed.R.Civ.P. 12(b)(6)* accompanied by a Brief in support of its Motion.  This is the plaintiff's Brief in opposition to the Motion to Dismiss.

## SUMMARY OF ARGUMENT

1. Defendant CMS is correct in its contention that it is a "state actor" for purposes of the Eleventh Amendment and 42 U.S.C. §1983, based on its contract with the DOC to provide health care services at HRYCI. Defendant CMS is also correct in its contention that it is not subject to a suit for monetary damages under the Eleventh Amendment and §1983 for actions taken in its "official capacity."

2. Notwithstanding the above, CMS's Motion to Dismiss for failure to state a claim should be denied. The Complaint alleged that the actions of certain "John Doe" employees of CMS violated plaintiff's right to constitutionally adequate medical treatment. Those employees are subject to liability under §1983 in their "individual capacities" if they acted "under color of state law" and their actions resulted in constitutionally inadequate medical care for plaintiff. CMS, in turn, is subject to liability under §1983, in its individual capacity as a private employer, for the actions of its employees based on the doctrine of *respondeat superior*. Alternatively, CMS is also liable if plaintiff can show that the Eighth Amendment violation was the result of a "policy or custom" of CMS that demonstrated a deliberate indifference to plaintiff's serious medical needs.

3. Defendant CMS is not entitled to immunity under the Delaware Tort Claims Act, 10 *Del.C.* §4001, *et. seq.*

## STATEMENT OF FACTS

At the time of the incident(s) alleged in the Complaint, the plaintiff was incarcerated at HRYCI.  Additionally, the plaintiff had previously been diagnosed as having Diabetes. Defendant CMS had contracted with the DOC to provide health care services to incarcerated individuals at HRYCI.  The plaintiff alleges that the defendants violated the Eighth Amendment and committed medical malpractice under Delaware law when unknown employee(s) of CMS used a single hypodermic needle/syringe to draw blood in order to test blood sugar levels and then used the same needle/syringe to draw insulin from a multiple dose vial.  The insulin from the vial was then injected into plaintiff using the same needle.  Sometime after the above described incident(s), the plaintiff was informed by DOC that the above described incident had occurred and offered to test the plaintiff to determine if he had contracted any other conditions that may have resulted from the incident, such as Hepatitis or HIV.  Subsequently, several inmates at HRYCI learned that they had contracted Hepatitis C.  The plaintiff is seeking compensatory damages and other relief.

In its Motion to Dismiss, CMS claims that it has "absolute immunity" under the Eleventh Amendment from liability for monetary damages.

## STANDARD OF REVIEW

A defendant's motion to dismiss tests the legal sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Langford v. Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000) (accord).  A court will grant a motion to dismiss only when it appears that a plaintiff can prove no set of facts that would entitle him or her to relief.  *Hishon*, 467 U.S. at 73.

**ARGUMENT**

**I.  THE SCOPE OF THE IMMUNITY THAT EXISTS UNDER THE
ELEVENTH AMENDMENT ONLY EXTENDS TO BAR LAWSUITS
BROUGHT AGAINST PUBLIC OFFICIALS AND OTHER "STATE
ACTORS" IN THEIR "OFFICIAL" CAPACITIES.  THE ELEVENTH
AMENDMENT DOES NOT BAR LAWSUITS AGAINST SUCH
PERSONS WHEN THEY ARE SUED IN THEIR  "INDIVIDUAL"
CAPACITIES**

---

**Overview of Plaintiffs' Claims**

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).  In this case, the plaintiff's federal claim that the defendants deprived them of their right to constitutionally adequate medical care is actionable under 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

 In order to set forth a cognizable Section 1983 claim under *Estelle* and its progeny, an inmate must allege: (1) a serious medical need; and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.*, at 104.  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

If the State or its officials contract with a private party, such as CMS, to provide medical care and services to state inmates, the medical provider assumes the state's obligations to

prisoners under the Eighth Amendment.  See, *West v. Atkins*, 487 U.S. 42, 54 (1988).

Furthermore, a company contracting to provide medical services to prisoners is acting "under

color of state law" for purposes of Section 1983. *Id.*  In this case, CMS agrees that it was acting

"under color of state law." (CMS Brief, p. 3).


### Scope of Eleventh Amendment Immunity

Plaintiff agrees with CMS that lawsuits seeking monetary damages against a State or its

"officials" are barred under the Eleventh Amendment.  See, *e.g., Pennsylvania Federation of

Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  Eleventh Amendment

immunity also extends to the state's agencies or departments, provided that the state is the real

party of interest. *Pennhurst State School  & Hospital v. Halderman*, 465 U.S. 89, 100-101

(1984). The Eleventh Amendment also bars a suit against a state official in his or her official

capacity because it "is not a suit against the official but rather is a suit against the official's

office.  As such, it is it is no different from a suit against the State itself." *Will v. Michigan Dep't

of State Police*, 491 U.S. 58, 71,  (1989). Such a lawsuit is also not actionable under Section

1983 because "state officials acting in their official capacities are [not] 'persons' under § 1983."

*Id.*

### "Personal Capacity" Liability of CMS

The Eleventh Amendment does not, however, bar suits for damages against government

officials and "state actors" sued in their personal capacities.  *Kentucky v. Graham*, 473 U.S. 159,

165-166 (1985).[1]  In personal capacity suits under Section 1983, the plaintiff seeks to impose

---

[1] In *Will*, the Supreme Court emphasized that the distinction between personal and

personal liability upon an individual "state actor" for actions that he takes, "under color of state law," which result in the deprivation of a federal constitutional right. See, *e.g. Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).[2] In this case, plaintiff alleges that unknown "John Doe" employees of CMS, including "Nurse Beth," who admittedly were acting "under color of state law," committed acts, which violated his Eighth Amendment rights. Accepting that allegation as true for purposes of the Motion to Dismiss, CMS can be held liable as a private employer under §1983 for constitutional torts committed by its employees. See, *Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp. 2d 459, 473 (E.D. Tex. 2003) (the holding in *Monell*[3] that §1983 liability cannot be imposed on a **governmental entity**, based solely on the fact that the entity employed the tortfeasor, is not applicable to §1983 claims against **private employers**).[4] See also, *Taylor v.*

_____

official capacity suits is more than "a mere pleading device." 491 U.S. at 71. State officials and "state actors" sued for damages in their official capacities are not "persons" under §1983 because they assume the identity of the government that employs them. See, *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Conversely, when such persons are sued in their personal capacities, they come to court as individuals. *Id.* Government officials sued in their personal capacities thus are "persons" under § 1983. *Id.*

[2] Because CMS is being sued in its personal capacity as a private entity, CMS and its employees are not entitled to claim "qualified immunity." See, *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (prison guards who were employed by private for-profit corporation were not entitled to qualified immunity); *Hinson v. Edmond*, 192 F.3d 1342, 1345 (11th Cir. 1999) (physician employed by private for-profit corporation that had contracted to provide medical services to jail was not entitled to qualified immunity).

[3] *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under 1983 on a *respondeat superior* theory"); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("An [individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior").*

[4] In *Hutchison*, the court explained: "the court finds no persuasive policy justification for shielding private employers from vicarious liability. While the Supreme Court has found that Congress did not want to create a 'federal law of *respondeat superior*,' imposing liability in

-7-

*Plousis*, 101 F.Supp.2d 255, 263 n.4 (D. N.J. 2000) (following *Monell*, but questioning whether *Monell's* holding that government employers are not vicariously liable for constitutional torts committed by its employees should also apply to private entities).

Alternatively, even if CMS is liable under *Monell* and its progeny, it is clearly established that CMS can also be held liable under §1983 for constitutional torts committed by its employees where a "custom or policy" [of the employer] results in deliberate indifference to a serious medical need. Thus, CMS can be liable under Section 1983 if the acts of its "John Doe" employees were undertaken as a result of a "custom or policy" to provide constitutionally inadequate medical care to the diabetic plaintiff. See, *Newsom v. Howard*, 2008 U.S. Dist. LEXIS 10365, *5-*6 (D.Del. 2008); *Carter v. Taylor*, 2008 U.S. Dist. LEXIS 25158, *5-*6 (D.Del. 2008) (When a plaintiff seeks to hold the employer liable for an Eighth Amendment violation committed by its employees, the plaintiff "must allege a policy or custom that demonstrates such deliberate indifference...Here, in order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff 'must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]'"); *Francisco v. Correctional Medical Systems, Inc.*, 2008 U.S. Dist. LEXIS 34626, *6 (D.Del. 2008) (accord); *Davis v. First Corr. Med.*, 530 F. Supp. 2d 657, 659-660 (D. Del. 2008) (accord); *Eaton v. Correctional Medical Systems, Inc.*, 2007 U.S. Dist. LEXIS 68878, *13-*14 (D.Del. 2007) (accord).

In *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003), the

municipalities in the §1983 context because of 'all the constitutional problems associated with the obligation to keep the peace,' *Monell*, 436 U.S. at 693, this court cannot find any similar concerns implicated in the private context. Imposing liability on private corporations affects

Third Circuit delineated three situations where the acts of an employee may be deemed to be the result of a "policy or custom" of the entity for whom the employee works, thereby rendering the entity liable under § 1983:

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under §1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

*Id.* (internal citations omitted); also see, *Turner v. Correctional Medical Services*, 494 F. Supp. 2d 281, 284 (D. Del. 2007) ("Here, there is no genuine issue of material fact that CMS failed to act affirmatively to stop plaintiff from self-injection in the same site, and its self-administration policy was so inadequate it can reasonably be said CMS was deliberately indifferent to plaintiff's serious medical needs").

In this case, it is possible that pre-trial discovery may reveal that the incident(s) alleged in the Complaint resulted from isolated intentional or reckless act(s) of one or more "rogue" employees for which CMS would not be liable.  On the other hand, it is also possible that the employees' actions were undertaken with the knowledge of CMS, who failed to act to stop the practice.  It is also possible that the policies promulgated by CMS for the treatment of diabetic

---

neither the state's police power nor its ability to regulate its municipalities." *Id.*, at 472-473.

inmates were so inadequate that such policies were likely to result in the occurrence of the alleged incident(s).

### Immunity of CMS Under Delaware Law

As noted by CMS in its Motion to Dismiss, the plaintiff has also asserted a claim against CMS for medical malpractice under state law. See, 18 *Del.C.* §6801. The Brief filed by CMS argues that CMS is immunized from liability for the state law medical malpractice claims under 10 *Del.C.* §4010.[5] (CMS Brief, p. 6). What CMS fails to note, however, is any immunity conferred on the State and its officials and agencies does not extend to CMS as a private entity. See, *Syvy v. Landmark Engineering, Inc.*, 2005 Del. Super. LEXIS 99, *5 (Del. Super. 2005) ("There is no reference to immunity for individual entities performing traditional governmental functions through independent contractual relationships and there is absolutely nothing to suggest the General Assembly ever intended to extend this immunity beyond the limited classification of state employees or those serving on government boards"); also see, 10 *Del.C.* §4010, which states that "the term 'employee' shall not mean a person or other legal entity acting in the capacity of an independent contractor under contract to the governmental entity." Thus, the Court should therefore reject CMS's claim that it is entitled to immunity under Delaware law.

### Conclusion

At this stage of the proceedings, CMS has failed to meet its burden under Rule 12(b)(6) by not demonstrating that plaintiff can prove no set of facts that would entitle them to relief. *Hishon*, 467 U.S. at 73. The Court should therefore deny CMS's Motion to Dismiss. Alternatively, if the Court believes that the allegations in the Complaint are not specific enough

---

[5] Section 4010 deals with claims against counties and municipalities. 10 *Del.C.* §4001

to put CMS on notice as to the nature of the plaintiff's claims, then the Court should allow plaintiff the opportunity to amend the Complaint to conform to the legal theories set forth herein. See, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."); *Clark v. Williams*, 2008 U.S. Dist. LEXIS 32179, *3-*4 (D.Del. 2008) (allowing plaintiff leave to amend to clarify that defendants were being sued in "individual" capacities rather than "official" capacities).

---

deals with tort claims against the State of Delaware and its officials and agencies.

**CONCLUSION**

Based on the foregoing reasons and authorities, the Court should deny the Motion to

Dismiss filed by CMS.

RONALD STONER, P.A.


*/s/ Ronald Stoner*

Ronald Stoner (I.D. No. 2818)
1107 Polly Drummond Plaza
Newark, DE 19711
(302) 369-6400
Attorney for Plaintiff

Dated: July 3, 2008