UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHARLES AUSTIN,** : <br> : <br> **Plaintiff,** : <br> : <br> : Civil Action No.: 1:08-cv-204 SLR <br> **v.** : <br> : **JURY TRIAL DEMANDED** <br> : <br> **STANLEY W. TAYLOR, JR.,** individually and in : <br> his official capacity as Commissioner, State of : <br> Delaware Department of Corrections; **CARL C.** : <br> **DANBERG, IN HIS OFFICIAL CAPACITY AS** : <br> Commissioner, State of Delaware Department of : <br> Corrections; **RAPHAEL WILLIAMS,** : <br> individually and in his official capacity a Warden, : <br> Howard R. Young Correctional Institution; : <br> **PHILIP MORGAN,** in his official capacity as : <br> Warden, Howard R. Young Correctional : <br> Institution; **JOYCE TALLEY,** individually and : <br> in her official capacity as Chief, Bureau of : <br> Management Services, Delaware Department of : <br> Corrections; **CORRECTIONAL MEDICAL** : <br> **SERVICES, INC.,** and its **JOHN DOE** : <br> **EMPLOYEES,** : <br> : <br> **Defendants.** | |

---

**CORRECTIONAL MEDICAL SERVICES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

---

Daniel A. Griffith, Esquire
Attorney Bar ID No. 4209
WHITEFORD TAYLOR &
PRESTON, LLC
1220 Market Street, Suite 608
Wilmington, DE   19801
(302) 482-8754
Attorneys for Defendant,
Correctional Medical Services, Inc.

Dated:  July 14, 2008

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

I.    Plaintiff Confuses The Concepts Of §1983 Liability And Eleventh Amendment Immunity; An Entity Otherwise Subject To §1983 Liability Is Immune From Suit In Federal Court If That Entity Is Entitled To Protection Under The Eleventh Amendment. . 3

II.   Even If The *Eleventh Amendment* Did Not Completely Bar This Action Against CMS, Plaintiff's Novel Theory Of §1983 Liability Against CMS Is Not Cognizable Under The Law. .................................................................................................................................... 4

# TABLE OF CITATIONS

**Cases**

***Abraham v. State of Delaware Department of Corrections, et al***, 2007 U.S. Dist. LEXIS 89411 (D. Del.) .................................................................................................................. 1
***Abraham v. State of Delaware Department of Corrections, et al***, 2007 U.S. Dist. LEXIS 89411 (D. Del.) (decided and filed December 4, 2007); .............................................................. 1
***Castillo v. Civigenics Program, et al***, 2006 U.S. Dist. LEXIS 21992 (D. Del.) ............................ 1
***Graham*** ................................................................................................................... 1, 3, 4, 5
***Hamilton, et al v. Civigenics, et al***, 2005 U.S. Dist. LEXIS 2625 (D. Del.) ................................ 1
***Kentucky v. Graham, et*** al, 473 U.S. 159, 105, S. Ct. 3099, 87 L. Ed. 2d 114 (1985) .................. 1
***Kentucky v. Graham, supra*** ................................................................................................ 3
***Kentucky v. Grahm, et al***, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed. 2d 114 (1985) ..................... 2
***Robinson v. Costello, et al***, 2007 U.S. Dist., LEXIS 14929 (D. Del.) ......................................... 4

I.    INTRODUCTION

The Motion to Dismiss Plaintiff's Complaint, filed by Correctional Medical Services, Inc. (CMS) rests on one specific and straightforward principle: CMS' entitlement to immunity from Plaintiff's claims under the *Eleventh Amendment* to the United States Constitution, consistent with this Court's consistent body of prior decisions. See, ***Abraham v. State of Delaware Department of Corrections, et al***, 2007 U.S. Dist. LEXIS 89411 (D. Del.) (decided and filed December 4, 2007); ***Castillo v. Civigenics Program, et al***, 2006 U.S. Dist. LEXIS 21992 (D. Del.) (decided March 31, 2006); ***Hamilton, et al v. Civigenics, et al***, 2005 U.S. Dist. LEXIS 2625 (D. Del.) (decided February 22, 2005).

Plaintiff concedes CMS' entitlement to *Eleventh Amendment* immunity and this concession should, by all rights, resolve this application in favor of CMS. See, ***Kentucky v. Graham, et*** al, 473 U.S. 159, 105, S. Ct. 3099, 87 L. Ed. 2d 114 (1985). (§1983 does not override a state's sovereign immunity under the *Eleventh Amendment*). Plaintiff either ignores or misapprehends the absolute nature of *Eleventh Amendment* immunity and instead presses an untenable argument regarding CMS' potential liability under §1983 *by relying upon cases where Eleventh Amendment immunity was not present.* Plaintiff makes no effort to explain how CMS (a) is entitled to Eleventh Amendment immunity which it has not waived; yet (b) is still amenable to suit in federal court.

The analysis is far simpler than Plaintiff would make it: if CMS has not waived its entitlement to sovereign immunity under the Eleventh Amendment, it cannot be sued in federal court. It is undisputed that CMS is entitled to Eleventh Amendment immunity which it has waived. Whether or not Plaintiff could assert a §1983 claim against CMS if CMS were not entitled to Eleventh Amendment immunity is irrelevant. Since Plaintiff's entire opposition is

predicated upon the extent to which he can pursue a §1983 claim against CMS *in the absence of Eleventh Amendment immunity,* the opposition does not squarely address the basis of the motion.

In short, CMS' entitlement to Eleventh Amendment immunity is undisputed and is all that is necessary for the dismissal of Plaintiff's Complaint against CMS.

**LEGAL ARGUMENT**

I.  **Plaintiff Confuses The Concepts Of §1983 Liability And Eleventh Amendment Immunity; An Entity Otherwise Subject To §1983 Liability Is Immune From Suit In Federal Court If That Entity Is Entitled To Protection Under The Eleventh Amendment.**

Plaintiff goes to great lengths to contrive a novel theory about CMS' vicarious liability under §1983 for the actions of its employees in their personal capacities. This argument is wrong, but the court need not even address it. The United States Supreme Court has made clear that, even if an entity were otherwise subject to liability under §1983, if that entity is entitled to *Eleventh Amendment* immunity, the §1983 claims must be dismissed as a matter of law.

In *Kentucky v. Graham, supra*, the United States Supreme Court noted, in the only language necessary for the dismissal of CMS in this action:

> Unless a State has waived its *Eleventh Amendment* immunity or Congress has overridden it, however, a State cannot be sued directly in its own name *regardless of the relief sought*. 473 U.S. at 167, 105 S. Ct. at 3106, 87 L.Ed. at 123 (emphasis added) (citation omitted).

This plain statement of the law is all that is necessary for the dismissal of Plaintiff's Complaint against CMS. Plaintiff has acknowledged that CMS is a "state actor" and entitled to immunity under the *Eleventh Amendment*. The *Eleventh Amendment* itself and the United States Supreme Court in *Graham* have made clear that, under the circumstances, CMS "cannot be sued directly in its own name regardless of the relief sought." ***Ibid.*** Thus, Plaintiff's efforts to draw individual-versus-official capacity distinctions and contrive a "vicarious liability" claim are irrelevant.

In this sense it seems that Plaintiff's opposition confuses the distinction between *municipal* liability under §1983 and *Eleventh Amendment* immunity applicable to states (and

3

their agencies). *Eleventh Amendment* immunity is broad and absolute. Absent a waiver by the state or an Act of Congress, there simply is no viable claim. Here, Plaintiff has conceded – as he must – the presence of *Eleventh Amendment* immunity and the absence of a waiver. The Court need not indulge in the "individual-versus-official capacity" analysis Plaintiff urges.

Lest there be any doubt following the United States Supreme Court's decision in *Graham*, this very court has recently made clear that an entity's entitlement to *Eleventh Amendment* immunity means simply that the entity cannot be sued in federal court regardless of the manner in which the cause of action is styled:

> There is no evidence that §1983 intended to effect a Congressional override of state sovereign immunity. The statute has been held not to "provide a federal forum for litigants who seek a remedy against the state for alleged deprivations of civil liberties". (Citation omitted) . . . Further, there is no indication that the State of Delaware has abrogated its sovereign immunity with respect to §1983 claims. ***Robinson v. Costello, et al***, 2007 U.S. Dist., LEXIS 14929 (D. Del.) (decided March 2, 2007).

Here, it is undisputed that CMS is entitled to sovereign immunity under the *Eleventh Amendment*. Unless there has been a waiver of that immunity (which there has not been) it is not subject to suit regardless of Plaintiff's creative invention of a "vicarious liability under §1983 for personal capacity claims" theory. Thus, Plaintiff's Complaint must be dismissed with prejudice as to CMS.

II.     **Even If The *Eleventh Amendment* Did Not Completely Bar This Action Against CMS, Plaintiff's Novel Theory Of §1983 Liability Against CMS Is Not Cognizable Under The Law.**

Plaintiff contends that CMS' *Eleventh Amendment* immunity only bars the claims against CMS for the actions of its employees in their official capacities. Plaintiff believes that CMS may be vicariously liability under §1983 (notwithstanding the *Eleventh Amendment*) for the actions of

4

its employees in their individual, or personal, capacities. Unfortunately, Plaintiff has not sued the CMS employees in their personal capacities.[1]

However, even if the Plaintiff had identified and sued the CMS employees in their individual capacity, Plaintiff's theory of liability is not recognized under the law. In fact, Plaintiff's argument concerning the vicarious liability under §1983 of an entity for the "personal capacity" claims against its employees was squarely addressed – and rejected – by the Untied States Supreme Court in ***Kentucky v. Graham, supra***, the seminal case of individual-versus-official capacity analysis.

In that case, the United States Supreme Court observed:

> With this (individual-versus-official capacity) distinction in mind, it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of . . . liability upon the governmental entity. *A victory in a personal-capacity action is a victory against the individual defendant, rather than entity that employs it.* 473 U.S. at 167-168, 105, S. Ct. at 3106, 87 L. Ed. 2d at 126.

The United State Supreme Court further noted in language fatal to Plaintiff's argument: "Only in an official-capacity action is a plaintiff who prevails entitled to look for relief *both on the merits and for fees* to the governmental entity." ***Ibid.***

---

[1] In the caption of their Complaint, in identifying the employees of the State of Delaware, Plaintiff takes pains to make clear that 3 of the state employees are being sued in their individual and official capacities and 2 are being named only in their official capacity. (See Exhibit "A" to Defendant CMS' motion). This distinction is reiterated in the body of Plaintiff's Complaint where Plaintiff consistently refers to these 3 state employees "acting in their individual and official capacity . . . " Conversely, Plaintiff's allegations as to the CMS employees assert simply that they were agents of CMS. Having not pled any claims against CMS employees in their individual capacity (or having distinguished his claims against the CMS employees in any "individual or official capacity" sense), Plaintiff is hard-pressed to base his entire position on the vicarious liability of CMS for the "personal" liability of the CMS employees.

5

Since the very theory which Plaintiff urges this court to accept has been specifically rejected by the United States Supreme Court, even if the *Eleventh Amendment* didn't bar the claims against CMS in their entirety (as it clearly does), CMS cannot be vicariously liable under §1983 for the liability of its employees in their personal capacity.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Honorable Court dismiss all claims against CMS as a matter of law.

WHITEFORD TAYLOR PRESTON, LLC

            */s/ Daniel A. Griffith*
Daniel A. Griffith, Esquire (No. 4209)
1220 Market Street, Suite 608
Wilmington, DE   19801
(302) 482-8754

*1803753*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHARLES AUSTIN,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **STANLEY W. TAYLOR, JR.,** individually and in : <br> his official capacity as Commissioner, State of : <br> Delaware Department of Corrections; **CARL C.** : <br> **DANBERG, IN HIS OFFICIAL CAPACITY AS** : <br> Commissioner, State of Delaware Department of : <br> Corrections; **RAPHAEL WILLIAMS,** : <br> individually and in his official capacity a Warden, : <br> Howard R. Young Correctional Institution; : <br> **PHILIP MORGAN,** in his official capacity as : <br> Warden, Howard R. Young Correctional : <br> Institution; **JOYCE TALLEY,** individually and : <br> in her official capacity as Chief, Bureau of : <br> Management Services, Delaware Department of : <br> Corrections; **CORRECTIONAL MEDICAL** : <br> **SERVICES, INC.,** and its **JOHN DOE** : <br> **EMPLOYEES,** : <br> : <br> **Defendants.** : | **Civil Action No.:  1:08-cv-204 SLR** <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF SERVICE

I, Daniel A. Griffith, Esquire hereby certifies that on this 14th day of July, 2008, a copy of the foregoing Correctional Medical Services, Inc.'s Reply Brief in Support of Its Motion to Dismiss Complaint was electronically delivered via e-file to

| | |
|---|---|
| Joseph M. Bernstein, Esquire <br> 800 North King Street <br> Suite 302 <br> Wilmington, DE   19801 | Bruce L. Hudson, Esquire <br> 800 North King Street <br> Suite 302 <br> Wilmington, DE   19801 |

                                                                                            /s/ Daniel A. Griffith
                                                                                            Daniel A. Griffith, Esquire